**UNITED STATES of America,
Appellee,**

v.

**Emilia WEIGART, Defendant–
Appellant.**

**No. 07–3000–cr.**

United States Court of Appeals,
Second Circuit.

July 31, 2008.

Sam A. Schmidt, New York, NY, for Appellant.

Virginia Chavez Romano (Jonathan S. Kolodner, on the brief), for Michael J.

---

Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Emilia Weigart appeals from a judgment of conviction entered on July 9, 2007, in the United States District Court for the Southern District of New York, following her guilty plea and sentencing before the Honorable Barbara S. Jones, United States District Judge. On February 9, 2007, Weigart pleaded guilty to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). On June 1, 2007, Judge Jones sentenced Weigart to 57 months' imprisonment, two years' supervised release, and a $100 special assessment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

■■ Weigart's sole argument on appeal is that Judge Jones erred in denying her a two-level downward adjustment for a minor role. Weigart asserts that she should have been granted the adjustment because she was the least culpable participant in the money laundering conspiracy.

We review a sentence for reasonableness, a standard which "does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006). In determining "whether a sentence is reasonable, [the

Court] ought to consider whether the sentencing judge 'exceeded the bounds of allowable discretion[,] ... committed an error of law ... or made a clearly erroneous finding of fact.'" *Id.* (citing *United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005)). Further, "the abuse-of-discretion standard of review applies to appellate review of all sentencing decisions—whether inside or outside the Guidelines range." *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007).

A defendant has the burden of proving by a preponderance of the evidence that he is entitled to a minor role adjustment under Section 3B1.2 of the Guidelines. *See United States v. Yu,* 285 F.3d 192, 200 (2d Cir.2002); *United States v. Castano,* 234 F.3d 111, 113 (2d Cir.2000). A district judge's analysis of the defendant's role in criminal activity is " 'highly fact-specific and depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.'" *United States v. Carpenter,* 252 F.3d 230, 234 (2d Cir.2001) (quoting *United States v. Shonubi,* 998 F.2d 84, 90 (2d Cir.1993)). A minor role reduction " 'will not be available simply because the defendant played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' ... as compared to the average participant in such a crime.'" *Id.* at 235 (quoting *United States v. Rahman,* 189 F.3d 88, 159 (2d Cir.1999)).[1]

Weigart has failed to establish that her co-conspirators were more deeply involved in the money laundering conspiracy. As

---

**1.** Although the law of this Circuit is inconsistent with respect to whether mitigating role adjustments are reviewed *de novo* or for clear error, *see United States v. Burgos,* 324 F.3d 88, 91 & n. 2 (2d Cir.2003), we need not decide this issue because the district court's determination that Weigart failed to meet her burden of establishing entitlement to a minor role adjustment was correct under either standard of review.

Judge Jones noted, Weigart had a close relationship to her co-conspirators—her nephew and her husband—and was undoubtedly a trusted member of the conspiracy, having been made responsible for safeguarding almost $400,000 in cash over a lengthy trip from the Bronx to Texas. Furthermore, even assuming that Weigart established that she had a lesser role than her co-conspirators, it does not follow that Judge Jones's denial of her minor role application was error. *See Castano,* 234 F.3d at 113 ("We have held that a defendant may not receive a minor role adjustment solely because she 'played a lesser role than [her] co-conspirators; to be eligible for a reduction, the defendant's conduct must be minor … as compared to the average participant in such a crime.'") (quoting *Rahman,* 189 F.3d at 159). In sum, Weigart offers no persuasive evidence that a minor role reduction was warranted. Although she takes issue with the weight afforded by the district court to various undisputed facts, the decision of whether to grant a minor role adjustment "is inherently fact-bound and largely committed to the discretion of the trial judge." *United States v. Bush,* 352 F.3d 1177, 1184–85 (8th Cir.2003) (quoting *United States v. Caballero,* 936 F.2d 1292 (D.C.Cir.1991)). While alternative inferences may have been available from the facts before the district court, the inferences drawn by the court did not constitute error.

■ Weigart's contention that the district court erred in using factors that warranted an increase in her base offense level as a reason to deny her minor role application lacks merit. Such double consideration is "legitimate where a single act is relevant to two dimensions of the Guidelines analysis," *United States v. Campbell,* 967 F.2d 20, 25 (2d Cir.1992), and Judge Jones's consideration of the sum of drug money transported by Weigart was relevant to the role 21 Weigart played in the offense in addition to its relevance to setting the applicable base offense level.

Weigart's reliance on *United States v. Ruiz,* 246 F.Supp.2d 263 (S.D.N.Y.2002) and *United States v. Perez,* 321 F.Supp.2d 574 (S.D.N.Y.2003) is misplaced. In *Ruiz* and *Perez,* the respective defendants faced strikingly divergent potential sentences as a result of the interplay of the 10–year statutory minimum for drug offenses involving a certain quantity, the safety valve relief provisions that apply to some first-time drug offenders, the applicable Sentencing Guidelines, and the § 3B1.2 mitigating role provision which, if applied, would have capped the offense level at 30. *See Perez,* 321 F.Supp.2d at 584; *Ruiz,* 246 F.Supp.2d at 265. In both cases, the district court justified its decision to grant a minor role adjustment by citing the extensive and complex nature of the drug organizations involved, and the relatively low level occupied by each defendant within the organization. *See Perez,* 321 F.Supp.2d at 586; *Ruiz,* 246 F.Supp.2d at 269. The concerns driving *Perez* and *Ruiz* are not implicated here; Weigart knew that her actions were part of a larger scheme, and the expansive and compartmentalized organization present in *Perez* and *Ruiz* did not exist here.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**